When a bill is filed and an answer put in, and the complainant makes no replication to the answer, it is in the discretion of the court to refer it to the master. And this will depend upon the nature of the subject-matter, the reference being always for the relief of the court, and not by any means necessary for the determination of any case; for the court may, if it will, take the account itself, without any reference.
In this case there was a replication to the answers, by which all charged in the bill, and denied by the answers, was put in issue. The act of Assembly establishing the court of equity has provided that a jury shall form part of the court, and that all matters of fact shall be tried by them. The complainant, therefore, although there was no report, had the right to have the opinion of the jury upon the facts in dispute, who might differ from the master upon the extent of the (319) testimony then in, or, if there were no depositions, the complainant, according to our practice, might produce before the jury vivavoce testimony. From this it results that the proper course in such case would be to set down the cause for hearing absolutely, or with such provisions as the court, in its discretion, should deem proper, which must depend upon the conduct of all parties.
Wherefore, we are of opinion that the motion to dismiss be overruled.
NOTE. — See Holmes v. Williams, 11 N.C. 371. The court may now direct the issues of facts to be tried by a jury or decide them themselves, as they think proper. 1 Rev. Stat., ch. 32, sec. 4. *Page 247